**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KAREN DANIELS,**
            **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-361-Orl-22DAB**
**ASTRAZENECA PHARMACEUTICALS
LP, ASTRAZENECA LP,**
            **Defendants.**

**RONALD PEARSON,**
            **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-445-Orl-22DAB**
**ASTRAZENECA PHARMACEUTICALS
LP, ET AL**
            **Defendants.**

**PAULA SHAY,**
            **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-424-Orl-22DAB**
**ASTRAZENECA PHARMACEUTICALS
LP, ASTRAZENECA LP,**
            **Defendants.**

**ELIZABETH PANCAKE,**
            **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-414-Orl-22DAB**
**ASTRAZENECA PHARMACEUTICALS
LP, ASTRAZENECA LP,**
            **Defendants.**

**MARY FLEMMING,**
            **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-372-Orl-22DAB**

**ASTRAZENECA PHARMACEUTICALS
LP, ASTRAZENECA LP,**

            **Defendants.**
_____

**ORDER AND REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion in each case listed above:

> **MOTION:** MOTION TO WITHDRAW AS COUNSEL
>
> **FILED:** March 5, 2012
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**. It is further **RECOMMENDED** that each case listed above be dismissed for failure to prosecute and abandonment of claim because the Plaintiff has failed to timely to respond to his or her counsel allowing prosecution of the claims. Plaintiff's counsel is **DIRECTED** to assure that Plaintiff receives the Report and Recommendation and understands the consequences of failing to respond.

On November 14, 2012, the cases listed above were dismissed *without prejudice* subject to the right of any party to re-open the actions within 120 days, upon good cause shown, or to submit a stipulated form of final order or judgment. The dismissals were based on the parties' representation that the cases on the Court's Exhibit (Doc. 4) were subject to executed settlement agreements. Apparently, the Plaintiffs in the above-listed cases have not kept in contact with counsel and have not responded to their counsel or presumably finalize the settlement agreements.

Technically, the posture of the cases at issue is that they were dismissed without prejudice and are no longer pending. However, in that the basis for the dismissal was that these cases were subject to executed settlement agreements and that representation has not come to fruition through these Plaintiffs' failure to keep in contact with counsel, the Court finds it appropriate to **DENY** Counsel's Motion to Withdraw as Counsel.

It is further **RECOMMENDED** that each case listed above be dismissed with prejudice for failure to prosecute and abandonment of claims because the above-listed Plaintiffs have failed to timely to respond to his or her counsel allowing prosecution of the claims.

Plaintiffs' counsel is **DIRECTED** to provide notice to all Plaintiffs in the above cases (based on the best available information as to their location) regarding the Report and Recommendation and to file a certification that the notices have been sent.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 28, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record